## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF THE COMMONWEALTH OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| J.F.S, *A MINOR CHILD* ) | |
|     BY NEXT FRIEND AND SIBLING ) | |
| MATTHEW P. STARBUCK ) | |
|     SIBLING, NEXT FRIEND ) | |
|     4615 SIR GILBERT LOOP ) | |
|     WILLIAMSBURG, VIRGINIA ) | |
|     23185-7947 ) | |
|     PLAINTIFF(s), *PRO SE* ) | ACTION NO: 4:18cv63 |
| v ) | |
| WILLIAMSBURG JAMES CITY COUNTY ) | |
|   SCHOOL BOARD ) | |
|     SERVE OLWEN E HERRON,Ed.D ) | |
|     SUPERINTENDENT ) | |
|     117 IRONBOUND ROAD ) | |
|     WILLIAMSBURG, VIRGINIA ) | |
|     23185 ) | |
|     DEFENDANTS(s) ) | |

# COMPLAINT

## INTRODUCTION

1. On February 14th, 2018, in Parkland, Florida, a high school student went to school and killed seventeen of his classmates with a firearm. The following day, due to the scale of this tragedy, discussion about the incident was widespread. Jamestown High School, and Williamsburg, Virginia were no exception. On the morning of the 15th of February, ▓▓▓▓▓▓▓▓▓▓▓▓ *A Minor Child, and hence*

*referred to as "▮▮▮▮▮▮,"* was actively engaged in a conversation about the shooting with classmates. No student within the conversation made any threat, but were discussing observations and real world, practical problems. ▮▮▮▮▮ at one point in the discussion noted the possession of the explosives by the shooter, and noted the use of the fire alarm to lure students out, in addition noting the time it took for law enforcement to enter. This was reported to local police, who found the report unfounded, and Jamestown High School, *hence referred to as the "School"*, who in accordance with the Code of Virginia, reported to the School Board of Williamsburg - James City County, *hence referred to as "The School Board"*. The School suspended ▮▮▮▮▮ with approval from the School Board. Upon a verbal and written appeal, as required by law, the School Board ignored the appeal for three months and only on May 18th, after the filing of a petition in accordance with state law was filed, did the school board respond. In their response, they sustained that the remarks made by ▮▮▮▮▮ could not be supported as "Threats", but were instead ruled a "classroom disturbance." The plaintiffs demur, stating that the Board cannot reallocate a suspension after he has been charged and held for an offense once.

  In this action, plaintiffs seek an order ordering the removal of the discipline from all school records, the derogatory remarks on ▮▮▮▮▮'s attendance record

removed, an order requiring compliance with federal law provided, an Order for clarification on the question of 419 US 565, *Goss v Lopez, 1975.* regarding the diligence of the School Board / School in notifying parents of suspensions, regarding the excessive delay in the written notice, an Order requiring the School Board review and amend its policy, and require any school official within its jurisdiction to comply with those policies as dictated by federal guidelines, and an Order creating precedent for the the question on the grounds in which a threat can be reasonably perceived by a School or School Board, in which does not violate the First Amendment Right to Speak Freely of another student. The plaintiffs also seek clarification on the use of seclusion in schools without due process or charge / cause and the right to parent or guardian notification, 419 US 565, *Goss v Lopez, 1975.* It is also a policy of the School Board of Williamsburg - James City County, under their Code of Conduct, which allows them to investigate a offense, have an informal meeting with the offending student, to allow them to present their version of facts, and then continue to investigate, and allow that new evidence found under the second scope of the investigation into the decision process for disciplinary actions, contrary to the 14th Amendment of the United States, as allocated in *Goss v Lopez.*

# JURISDICTION

2. This action arises under the First Amendment of the United States Constitution.

3. This action arises under 419 US 565, *Goss v Lopez, 1975*.

4. This action arises under 395 US 444, *Brandenburg v Ohio, 1969*.

5. This action arises under 393 US 503, *Tinker v Des Moines, 1969*.

6. This action arises under 575 US ___, *Elonis v United States, 2015*.[1]

8. This action arises under the Fourteenth Amendment of the United States Constitution.

# PARTIES

9. ███████████ is a resident of the County of James City and the Commonwealth of Virginia. ████████, at the time of the offense in question and at the time of filing, a student of Williamsburg - James City County Public Schools and Jamestown High School. ████████ is a minor child filing suit in the name of his adult sibling, Matthew Starbuck, in accordance with Federal Rules of Civil Procedure 17(c-1A).

10. Matthew Starbuck is a resident of the County of James City and the Commonwealth of Virginia and is filing suit on behalf of ███████████ his

---

[1] Case has not been assigned a reference number within the Federal Reporter at the time of this filing.

minor sibling, as Matthew is of age of majority according to Federal Rules of Civil Procedure 17(c-1A-c), Matthew will act as a general guardian for purposes of this suit and all related matters.

11. Defendant School Board of Williamsburg - James City County is by Code of Virginia §22.1-71, *School Board constitutes body corporate, corporate powers*, a corporate body, capable of filing suit and having suit filed against. The Board is vested with oversight of all public schools, elementary, middle and secondary, within the City of Williamsburg and County of James City.

12. Jamestown High School is a secondary school within jurisdiction of the School Board of Williamsburg - James City County.

13. At all times relevant, the Defendant acted and currently act under color of the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

14. Plaintiffs reallege and state, by reference all of the preceding paragraphs of this Complaint, as if restated herein.

15. ████████████ was suspended from school for two days, being deprived of his property and right to an education for a claim which the Defendant states, "Threats."

5

16. On the morning of February 15th, following the tragic shooting in the Florida high school, ▓▓▓▓ and other unnamed students were engaged in a proactive conversation discussing the prevention and basis of these tragedies.

17. ▓▓▓▓, during normal course of this conversation, made remarks questioning the intent of the shooter, stating that the shooter would be capable of more harm had he wanted to, noting his possession of explosives and considering the time the shooter was left alone within the building unchallenged by local law enforcement.

18. A teacher overhearing the remarks reported the remarks to The School administration and local police.

19. School Police officer, Officer Michael Ferriero, of the James City County Police Department investigated and cleared the report as unfounded, as he believed there was no threat made and no criminal offense under the Code of Virginia occured. The Officer notified ▓▓▓▓'s parent of the investigation and his case disposition.

20. ▓▓▓▓ was removed from class and forced to remain in seclusion (in-school suspension), *hence referred to as ISS for the purposes of this complaint,* for "his safety," without notification of his parent, for the remainder of the academic day, without being informed of the reasons for which he was there.

21. ▮▮▮▮ was subjected to multiple interrogations by school officials, to include psychologists, service counselors, and principals.

22. At normal dismissal time ▮▮▮▮ was released to return home.

23. No contact was made by representatives of the school to the parent of ▮▮▮▮ during the duration of the academic day.

24. At 17:30 that night, the suspending assistant principal contacted ▮▮▮▮'s parent, notifying verbally of the out-of-school suspension, *hence referred to as "OSS" for the purposes of this Complaint,* for the following two days.

24. Assistant Principal Townsend, of Jamestown High School informed Suzanne that the placement of ▮▮▮▮ in ISS was for "his own safety" out of concern of "retaliation from other students."

25. ▮▮▮▮ suffered severe emotional distress at the abuse of the discretion of the School Board and Jamestown High School.

26. Assistant Principal Howard Townsend scheduled a meeting the following Tuesday to discuss protection plans for ▮▮▮▮ in the event any retaliation occured.

27. Present at the meeting were Howard Townsend - *Assistant Principal, Jamestown High School*, Anita Swinson - *Hearing Officer, Williamsburg - James*

*City County School Board,* Gary Breaux - *Lead School Guidance Counselor, Jamestown High School,* ███████████, Matthew Starbuck, *Sibling - General Guardian,* Suzanne Starbuck - *Mother.*

28. During the duration of the meeting, it was clarified that it was believed that ██████'s actions were not cause for any action to be taken, and that the Board was verbally instructed to note his appeal upon the receipt of the Notice of Suspension in writing.

29. On the 26th of February of 2018, formal receipt of the Notice of Suspension was received.

30. On the 27th of February of 2018, written notice of appeal was submitted in person to the School Board office, located at 117 Ironbound Road, in the City of Williamsburg, Virginia.

31. Service was made upon the secretary of the office of the School Board.

32. The School Board's internal policy grants them thirty days to acknowledge and close all appeals of long term suspensions within thirty days. There is no explicit policy for reviewing a short term suspension.

33. Upon expiration of the alloted thirty days of the School Board policies in dealing with long term suspensions, no response was received and no communication made.

34. Contrary to the indications of the School and School Board, attendance records for ███████ show him placed in seclusion (ISS) for a time of three attendance periods during the day of the 15th of February.

35. No written notice of the ISS was provided to parent or student.

36. The Notice of Suspension does not mention the ISS or seclusion.

## CAUSE OF ACTION

37. Plaintiffs reallege and state, by reference all of the preceding paragraphs of this Complaint, as if restated herein.

38. The defendant's decision for suspension lacked discretion and was an arbitrary decision without considering the context of the statements.

39. The defendant's decision for suspension infringed upon the plaintiff's Right of Free Speech, as protected by the First Amendment of the United States Constitution.

40. The defendant's decision for suspension violated the plaintiff's Right to Due Process of Law, protected by the Fourteenth Amendment of the United States Constitution.

41. The defendant's failure to provide notice of the In-School Suspension violated the plaintiff's Right to Due Process of Law, protected by the Fourteenth Amendment of the United States, by depriving him the right and property of his education, which the Commonwealth of Virginia has made compulsory.

42. The defendant's failure to serve the plaintiff of the formal written Notice of Suspension within a reasonable time and thus violated the plaintiff's Right to Due Process of Law, protected by the Fourteenth Amendment of the United States, by depriving him the right and property of his education, which the Commonwealth of Virginia has made compulsory.

43. The defendant's proceedings and failure to properly serve Notice of Suspension and suspending the plaintiff without cause or charge was a violation of 419 US 565, *Goss v Lopez, 1975*.

44. The defendant's decisions violated the plaintiff's Right to Speak Freely and is in direct contradiction to the decision of 393 US 503, *Tinker v Des Moines, 1969,* as none of his remarks created any disturbance, put any in imminent

danger, or acted as the catalyst of any criminal violations, as ruled in 395 US 444, *Brandenburg v Ohio, 1969* and as in 575 US ___, *Elonis v United States, 2015*[2]

45. The defendant's failure to respond to the timely filed appeal by the parent and custodian of ▮ was a clear deprivation of the minor child's right to due process under law.

46. The defendant's failure to properly provide the minor child with the charges in which he was being secluded for, (in-school suspension), and allow him an opportunity to refute those allegations and face his accusations, and in their circumventing that settled principle by suspending the student at 17:30 hours in the evening, hours after school was dismissed, is a clear and overt deprivation and an action of indifference to the rights of the minor child.

47. The defendant's actions collectively suppress, and oppress all students within their jurisdiction and could create reasonable fear of punishment for speaking and observing the matters of real world events, without harming another, or intending to cause harm.

48. The defendant's policies as stated in the Student Code of Conduct, act as a permission to the Board and its schools to violate the rights of students by permitting "further investigation" after the student is faced with his allegations and

---

[2] Citation is restated.

11

offered a chance to explain his version of the facts in the matter, and is in clear contradiction to the Fourteenth Amendment of the United States.

## *REQUEST FOR RELIEF*

49. WHEREFORE, for the foregoing reasons, the plaintiffs request the following relief.

    A. A declaration stating the the actions, policy and practices of THE SCHOOL BOARD OF WILLIAMSBURG - JAMES CITY COUNTY unconstitutional, as stated herein.

    B. A declaration stating the the actions, policy and practices of JAMESTOWN HIGH SCHOOL unconstitutional, as stated herein.

    C. An injunction prohibiting THE SCHOOL BOARD OF WILLIAMSBURG - JAMES CITY COUNTY from enforcing, carrying out, or acting upon their policies and practices, as stated herein, until they are amended to lawfulness and satisfaction of this court.

    D. An injunction prohibiting JAMESTOWN HIGH SCHOOL from enforcing, carrying out, or acting upon their policies and practices, as stated herein, until they are amended to lawfulness and satisfaction of this court.

    E. Nominal damages to the plaintiffs to compensate for emotional

distress and the distress and violation of his civil rights.

  F. Reasonable costs and fees in the prosecution of this action, pursuant to 42 U.S.C. § 1988

  G. Any other such relief as the Court deems just, reasonable and proper.

Respectfully submitted,

████████████████    *[signature]*

████████████████    Matthew P. Starbuck

*Plaintiff*    *Next Friend of Plaintiff*

*Minor Child*    *General Guardian*

4615 Sir Gilbert Loop    4615 Sir Gilbert Loop

Williamsburg, Virginia    Williamsburg, Virginia

23185-7947    23185-7947